UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                                        1:20-cr-00063-RC

v.

AWS ABDULJABBAR,
    Defendant.

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, AWS ABDULJABBAR, comes now and submits the following:

**I.    Objections to Presentence Report**

The defendant does not object to any fact or factor which would impact the calculation of the appropriate advisory federal sentencing guideline.

**II.    Sentencing Factors**

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well. Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>     (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)    to afford adequate deterrence to criminal conduct;
>     (C)    to protect the public from further crimes of the defendant; and
>     (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)    the kinds of sentences available;
> (4)    the kinds of sentence and the sentencing range established for—

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also*

*Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

### A. Advisory Sentencing Guidelines

This Honorable Court must consider the advisory sentencing guidelines. Further, the district court must provide some individualized assessment "justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010). A district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017); *Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal citation and quotation marks omitted).

An individualized assessment requires "that district courts consider the defendant's non-frivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Id.* A "'sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority'" by articulating how the sentencing factors apply to the case before it. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Rita*, 551 U.S. at 356).

### B. § 3553(a) Sentencing Factors

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a). The defendant submits an application of these factors to the case at bar leads to the conclusion that a sentence within the advisory guideline range (57-60 months) would be far greater than necessary.

### 1. History and Characteristics of The Defendant

The presentence investigative report fairly details Abduljabbar's background. The presentence investigative report in paragraphs #78-105 chronicles his family, education, employment and mental health. He is an Iraqi national who worked in the employment of the United States government during periods of military conflict. His work with the United States government was of a sensitive nature and as a consequence he faces potential repercussions.

The presentence investigative report appropriately acknowledges that Mr. Abduljabbar is subject to deportation. He does not have legal status in this country. His advisory guidelines have been adjusted downward to reflect this reality. Given his engagement with the United States government any return to Iraq would be tantamount to a death sentence. Mr. Abduljabbar prays that this Honorable Court take this factor into consideration in determining an appropriate sentence in this matter.

Mr. Abduljabbar further directs this Honorable Court's attention to the attached letters of support from family members and friends. In addition, the attached documents from his facility of detention provide further support of his ability to be rehabilitated.

### 2. Nature of the Offense

The offense conduct which brings Mr. Abduljabbar before the Court is serious. Mr. Abduljabbar stands convicted of a conspiracy offense involving the theft of government property. The offense does not involve any violent acts. There is no evidence that any firearms or weapons were employed during the course of the conspiracy. As detailed in the presentence report and acknowledged in the statement of offense filed in connection with his guilty plea makes clear he

was not involved alone. Mr. Abduljabbar avers that any sentence imposed in this case must account for any sentence imposed on his co-conspirators.

### 3. Need to Deter

Mr. Abduljabbar has been held in the instant matter since October 16, 2020, approximately 20 months. It should also be noted that his incarceration has coincided with the COVID-19 pandemic. As a consequence his period of incarceration has been particularly difficult. Beyond living with the ever-present threat of contracting the life-threatening disease, Mr. Abduljabbar has been forced to endure confinement conditions unique to the Department Corrections's efforts to mitigate the spread of the virus.

This Honorable Court also should not ignore the likelihood that Mr. Abduljabbar will face deportation. As noted before, this carries potential grave consequences. In considering the deterrent effect, the Court should account for the aggravated consequences of his potential deportation and the clear risk it involves.

### 4. Need to Avoid Unwarranted Disparities

This Honorable Court must remain mindful of the need to avoid unwarranted disparities between similarly situated defendants. In the case at bar this is clearly relevant to any determination of the appropriate sentence.

Mr. Haitham Sad received a sentence of time served. He served approximately 9 months in custody. The amount of loss sustained by the government as a consequence of his criminal conduct is indistinguishable for any harm caused by Mr. Abduljabbar. Both were criminal history category I offenders. Like Mr. Sad, Mr. Abduljabbar accepted responsibility and entered a guilty plea in this matter. While the government may attempt to distinguish the two based on time of

their guilty pleas and comparative roles, neither would sufficiently support a significant difference in their respective treatments.

### C.     Recommended Sentence

Mr. Abduljabbar submits a sentence of 24 months would be sufficient but not greater than necessary to satisfy the legitimate sentencing goals.  Such a sentence would account for advisory guideline range while acknowledging the impacts of the COVID-19 pandemic.  It would further consider the likely deportation and collateral consequences he faces.  Most significantly, it would be twice as long of a sentence as imposed on Mr. Sad.  Again, while a distinction may be warranted, a sentence as recommended by the U.S. Probation office or that suggested by the government would represent a sentence four times as great as that imposed on Mr. Sad.  Again, there is no justification for such a difference.

### III.    Conclusion

Wherefore the defendant, **AWS ABDULJABBAR**, respectfully requests that this Honorable Court sentence to 18 months.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant AWS ABDULJABBAR

**CERTIFICATE OF SERVICE**

       I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on June 21, 2022.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant AWS ABDULJABBAR